**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHEN F. COLE : | |
| 908 Longview Avenue | : CIVIL TRIAL DIVISION |
| Langhorne, PA 19047 | : |
| Plaintiff, | : JURY TRIAL DEMANDED |
| | : |
| vs. | : NO. |
| | : |
| BATTLESPACE FLIGHT SERVICES, LLC . | : |
| 14030 Thunderbolt Place | : |
| Chantilly, VA 20151 | : |
| Defendant | : |

## CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff, Stephen F. Cole ("Cole"), is an adult individual residing at 908 Longview Avenue, Langhorne, PA 19047.

2. Defendant, Battlespace Flight Services, LLC ("Battlespace"), is a corporation or other entity that upon information and belief currently maintains a principal place of business at 14030 Thunderbolt Place, Chantilly, VA 20151.

### JURISDICTION

3. This is a civil action arising under the laws of the United States and is brought pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), the Rehabilitation Act of 1973, as amended, 29 U.S.C. §701 et seq. ("Rehabilitation Act"), and 42 U.S.C. §1981a. This Court also has jurisdiction of the claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343.

## VENUE

4. Battlespace transacts business and is found in this district.

## FACTUAL BACKGROUND

5. Cole is an individual with a disability covered and/or protected by the Rehabilitation Act and the ADA.

6. Battlespace is a government contractor subject to the requirements of the Rehabilitation Act.

7. Battlespace is an employer of fifteen or more persons subject to the requirements of the ADA.

8. Cole suffers from anxiety and depression.

9. Cole began working for Battlespace at its Horsham, Pennsylvania facility in or about January 2016 as an electronic technician.

10. The majority of Cole's workday required him to remain on sight waiting to perform his duties.

11. Cole's duties were performed in an isolated area without windows ("isolated area").

12. While waiting to perform his duties Cole was to remain in a non-isolated area with a window ("non-isolated area").

13. In or about the spring of 2017, Battlespace informed Cole that it wanted him to spend his waiting time in the isolated area.

14. A trigger for Cole's anxiety is spending any significant amount of idle time in an isolated or enclosed area.

15. Cole verbally asked his supervisor if he could remain in the non-isolated area during his waiting time as an accommodation for his mental health disability.

16. Cole explained to his supervisor that spending his waiting time in the isolated area would trigger his mental health symptoms.

17. Cole, after receiving no response, followed up with his supervisor who told Cole that his request was denied without explanation.

18. After Cole stated that he intended to file a complaint his supervisor told him to contact human resources.

19. On June 26, 2017 Cole received an email from Ellen Sherman ("Sherman") in human resources indicating that she would have an answer to his accommodation request within forty-eight hours.

20. On June 29, 2017, after another follow-up by Cole, Sherman told Cole that his request was denied.

21. On or about July 3, 2017 Cole filed a complaint of disability discrimination with the Office of Federal Contract Compliance Programs (OFCCP).

22. Thereafter, Battlespace apparently granted Cole's reasonable accommodation request by allowing him to remain in the non-isolated area during his waiting time.

23. Battlespace apparently defended the July 3, 2017 complaint by informing the OFCCP that it had, in fact, granted Cole's accommodation request.

24. On or about November 17, 2017 the OFCCP closed Cole's July 3, 2017 complaint.

25. Thereafter, on November 20, 2017 Cole received an email from Sherman claiming that the medical documentation that he recently provided was insufficient as it did not specify Cole's functional limitations.

26. Cole had previously explained his disability to both his supervisor and Sherman.

27. Cole had provided Battlespace with documentation confirming Cole's disability as well as his disability status with the Department of Veterans Affairs ("VA").

28. Nevertheless, on December 6, 2017 Sherman emailed Cole and told him if he did not provide the additional information by December 13, 2017 they "would not be able to move forward."

29. Cole responded on December 8, 2017 that he would not be able to address Sherman's request until after the holidays.

30. Sherman had to know that it would take a significant amount of time for Cole to obtain the additional information from the VA.

31. Nevertheless, on January 4, 2018 Sherman told Cole that Battlespace could "no longer consider his reasonable accommodation request" because he had not provided the additional documentation.

32. Battlespace had been accommodating Cole and Battlespace was not claiming it was a hardship to continue to do so.

33. Cole was suspended on or about January 6, 2018 for refusing to spend the waiting portion of his work day in the isolated area.

34. Cole's employment was terminated on or about February 2, 2018.

35. On or about May 15, 2018 Cole filed a second complaint with the OFCCP alleging disability discrimination and retaliation.

36. Cole received a Notice of Right-to-Sue dated June 28, 2018.  (*See,* letter from OFCCP dated June 28, 2018 attached hereto as Exhibit "A" indicating that the filing of this civil action is proper at this time.)

37. At all times material hereto Battlespace was acting by and through its duly appointed employees, agents, servants and/or workmen who were acting within the course and scope of said agency and/or employment relationship with the express and/or implied permission of the Battlespace.

## COUNT - I
## COLE v. BATTLESPACE
## COLE'S CLAIMS UNDER THE REHABILITATION ACT

38. Cole hereby incorporates by reference all of the allegations contained in paragraphs 1 through 37 inclusive as fully as though the same were herein set forth at length.

39. Cole suffers from a disability within the meaning of the Rehabilitation Act.

40. Despite the disability, Cole was capable of performing the essential functions of his position.

41. The conduct of Battlespace, as outlined above, including, but not limited to, refusing to accommodate Cole, canceling Cole's accommodation, refusing to deal with

Cole in good faith, cutting off the interactive process, suspending Cole and/or discharging Cole constitutes unlawful disability discrimination and/or retaliation in violation of the Rehabilitation Act.

42. As a direct result of Battlespace's unlawful and wrongful conduct, Cole has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

43. In addition, Battelspace's discriminatory and/or retaliatory conduct has caused Cole significant emotional distress.

44. Further, said discrimination and/or retaliation was willful, intentional, outrageous, and/or in flagrant disregard of the provisions of the Rehabilitation Act thereby entitling Cole to punitive damages.

### COUNT - II
### COLE v. BATTLESPACE
### COLE'S CLAIMS UNDER THE ADA

45. Cole hereby incorporates by reference all of the allegations contained in paragraphs 1 through 44 inclusive as fully as though the same were herein set forth at length.

46. Cole suffers from a disability within the meaning of the ADA.

47. Despite the disability, Cole was capable of performing the essential functions of his position.

48. The conduct of Battlespace, as outlined above, including, but not limited to, refusing to accommodate Cole, canceling Cole's accommodation, refusing to deal with Cole in good faith, cutting off the interactive process, suspending Cole and/or discharging

Cole constitutes unlawful disability discrimination and/or retaliation in violation of the ADA.

49. As a direct result of Battlespace's unlawful and wrongful conduct, Cole has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

50. In addition, Battelspace's discriminatory and/or retaliatory conduct has caused Cole significant emotional distress.

51. Further, said discrimination and/or retaliation was willful, intentional, outrageous, and/or in flagrant disregard of the provisions of the ADA thereby entitling Cole to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Cole seeks damages to the extent that he has been harmed by Battlespace's unlawful conduct and specifically prays that the Court grant the following relief:

A. Enter an Order compelling Battlespace to reinstate Cole to his former position with all accrued seniority and benefits so as to put Cole in the same position as though he was never discharged;

B. Award to Cole back salary, wages, fringe benefits, front pay, and other allowable damages, together with prejudgment interest pursuant to the Rehabilitation Act and the ADA;

C. Award to Cole compensatory damages pursuant to the Rehabilitation Act and the ADA;

D. Award to Cole punitive damages pursuant to the Rehabilitation Act and the ADA;

E. Award to Cole and his counsel attorney's fees, costs and disbursements pursuant to the Rehabilitation Act and the ADA; and,

G. Any other relief that this Court deems appropriate.

## JURY DEMAND

Cole demands trial by jury of all issues so triable.

Respectfully Submitted,

By: /s/ Bruce Preissman
Bruce Preissman
I.D.# 69996
1032 Mill Creek Drive, Suite 204
Feasterville, PA  19053
(215) 322-6990
Attorney for Plaintiff